## CALDWELL *v.* WENTWORTH.

The general rule is that an agent may be a witness to prove his agency as well as his acts.

An agent may be a witness to prove his agency, by testifying that the defendant called on the plaintiff and requested him to let the witness have goods upon the defendant's account, which he did; though upon cross-examination it appeared that the contract upon which the witness was employed to buy and sell goods in the grocery business for the defendant was in writing.

If the defendant supposes there is any thing in the writing to discredit the witness, it is no part of the plaintiff's case, and the writing must be produced by the defendant.

ASSUMPSIT, on an account annexed.

The plaintiff offered the deposition of John Brown, who

testified that he made all the purchases mentioned in the account, as the agent of the defendant; that the defendant called on the plaintiff with the witness previously to the sales, and verbally requested the plaintiff to let the witness have such goods as he might wish to purchase, on his, the defendant's account, as he was going to put witness into a store to sell goods as his agent; and that in pursuance of said request and directions the witness did so purchase the goods of the plaintiff, in the name and as the agent of the defendant.

On his cross-examination the witness testified, that when he was constituted the agent of the defendant in keeping a grocery store and buying and selling goods in that business, the contract upon which he was employed was reduced to writing; but there was no evidence that the plaintiff ever had any knowledge of the existence of this written contract.

The witness also testified that the written contract was used on a trial of an action in which the defendant was plaintiff, and that witness had not seen it since and did not know where it was.

The defendant objected to the competency of the testimony. Verdict for the plaintiff.

*Wiggin*, for the defendant. Brown testified that he was agent and purchased the goods. He testified on cross-examination that when appointed agent his authority was in writing. There was no evidence that this was lost; and the testimony offered was not the best evidence.

How far he was an agent could be shown only by the writing. A special agent can not act beyond his authority, and it becomes important to ascertain the extent of the authority. 10 Mass. 397, 403.

The only answer that the plaintiff makes is, that he did not know that Brown was a special agent. That is not enough. 17 Mass. 247; 9 Pick. 539; 22 do. 24; 17 do. 273; 5 Mass. 11; 10 do. 192.

The inquiry is, whether Brown was a competent witness against his principal to sustain his authority. There are cases to show that he can not be. 8 Cowen 60; 3 Doug. 410; 4 Mass. 653. In *Meredith* v. *Macoss*, 1 Yeates 200, cited in 1 Cowen & Hill's Phill. Ev. 412, it is said, " an agent may show the mere loss of his power, though he is inadmissible to prove the contents."

*James Bell*, for the plaintiff. We do not rely upon any agency of Brown to keep a store on account of the defendant, but upon a special accrediting of Brown to the plaintiff by the verbal declaration of the defendant.

The case does not find whether the written authority was given before or after the purchase.

What the real authority as between the principal and agent may be, is of no consequence, where there is a holding out that the agent has a particular authority.

The general doctrine is, that it is sufficient to show that the factor acts as agent. If there is any limitation by writing, the principal must show that. Payley on Agency 236 ; *New-England Ins. Co.* v. *De Wolf*, 8 Pick. 56.

We do not suppose it necessary to produce cases to show that an agent may be a witness to show his authority. 2 Stark. Ev. 768, note.

It was not shown that there was any written agency respecting purchases, but merely that the contract between the defendant and the witness was reduced to writing.

PARKER, C. J. The general rule is that an agent may be a witness to prove his agency as well as his acts.

There seems to be nothing to take this case out of the rule. On the contrary if there be any case in which an agent may be a witness to sustain his authority, this is that one. The witness on his principal examination testified, not to an authority derived from a written agreement constituting him an agent of the defendant, nor to an

Caldwell *v.* Wentworth.

authority which afterward on his cross-examination appeared to have been in writing. He did not even testify to any agreement between himself and the defendant, by which the agency was constituted. But his testimony related to a conversation between the defendant and the plaintiff, to which he was not at the time a party, by which the former authorized the latter to deliver goods to him.

The rule that a witness can not be admitted to testify to the contents of a written instrument which may be produced, had therefore no application.

The witness may have had authority to purchase goods as agent of the defendant by the terms of the written contract between them, but the plaintiff did not rely upon any such authority, or appear to have any knowledge of it, if it existed. He relied upon particular directions of the defendant to him, to deliver goods to the witness; and the contents of the writing were therefore immaterial in the case. If it had been produced, and no authority to purchase goods had appeared therein, that would not have changed the aspect of the case. If it contained restrictions upon the authority of the witness, they could not affect the plaintiff. If it had contained an agreement between the witness and the defendant that the witness should purchase no goods at any time without the express assent of the defendant to each purchase, the plaintiff would still be entitled to recover, if the testimony of the witness were credited, that the defendant himself gave the plaintiff directions to deliver goods to him on his request.

If the defendant supposed that there was any thing in the writing which might by implication have the effect to discredit the witness, it was in that view evidence independent of the plaintiff's case, and to be produced by himself.

*Judgment on the verdict.*